Mr. Black for the appellant. Good morning, Your Honors. May it please the Court, my name is Mike Black and I represent the appellant R.C. Smithfield in this case. The most important aspect of this case, in my view, is defending the distinction between what a member of a business entity or a shareholder of a business entity owns, which is their membership interest or their shares if it's a corporation, and what the business itself owns, which is its operating property and the things that belong to it. That distinction is key in the law for how business entities function as distinct legal entities, and it's that distinction that the IRS action and the Court's decision below have blurred in this case, and that requires correction by this Court. Did you make the argument, I assume what you're saying is if the IRS wanted to attach something or put a lien on something, it was not the physical property itself, that they shouldn't have been able to do that? What they were entitled to do, Your Honor, in this case, they have made out a perfectly valid claim against Mr. Crookston's membership interest, and had they pursued that and tried to collect that membership interest, that would have been fine. I would have had no complaint, especially as the company's lawyer, I would have no complaint at all because he is not my client, but that's not what they did. What they did is they said, by virtue of his membership interest, we can reach through the LLC and lien the LLC's property directly, and that's where they went through this wall that exists between what the entity owns and what the member owns. Well, I mean, at some point in these kind of cases, the corporate form can be pierced, you can reach through it as either being a sham or something like that. Certainly. There are lots of arguments that can be made to invalidate an entity, to call it a sham, to disregard it, to say that there was a fraudulent transfer in this case would also invalidate the particular transfer, to call it an alter ego would be another option, none of which were done by the government in this case. Instead, what they chose is they chose to assert a nominee lien, which did not require them to take any other action other than file the lien, and that's why they did so, because it's a very convenient way to attach property and to keep it from being sold. So, that's, they had lots of other options, they just chose the one they couldn't take. And so, if I can walk through this here, the LLC. As you do that, as I understand the district court's order, it concluded that the construction, the Crikson Construction did not gift its interest to the LLC, it kept a residual interest, and that's the property right that the IRS is going after. Is it a fact question whether or not it was a gift, and did the district court determine that it was not a gift, therefore there's a resulting trust with an equitable interest that can be identified and attacked? Your Honor, the ruling by the court is perhaps a little confusing in this respect, but what I did in my papers is try to chart out and put together a little bit of a flow chart of those funds. Whether or not Sid Crikson Construction, the company, made a gift or not to Alden Crikson, which is how the money flowed, is again, not my issue. If it was not a gift, that's fine, they've made a claim against Alden. I don't dispute any of those factual findings. Those are perfectly valid for purposes of this here today. The issue is not whether Sid Crikson Construction gave money to Alden and intended it to be a gift or intended it not to be a gift to Alden Crikson. The question is whether or not the IRS's lien rights and ability to attach the property stopped at Alden, or whether they could then continue to reach through the LLC, which is what they've done. The court did not rule that the LLC was a sham, that it was to be disregarded, or that it had no, or that it was an alter ego in any way, shape, or form. In fact, the court's ultimate ruling was that the lien was limited to Alden Crikson's interest in R.C. Smithfield, which presupposes that R.C. Smithfield is an existing entity and that he has that lien, or that he has that membership interest. That is distinct from the other member who, for all purposes that are relevant here, is the Driven Snow. The IRS admits it has no lien rights against his membership interest or to the company with respect to his membership interest, which makes it so crystal clear that this is reaching through the entity on behalf of Alden and his membership interest, which is what is not permitted by statute. So, it seems like the district court thought that the LLC, while holding legal title, did not own the equitable title to half of that property, that half the equitable title belonged to Mr. Crixton, right? I'm not sure that it's half of the equitable title, Your Honor, because that's not what the court ultimately held and that's not what the lien said. The lien is with respect to Alden's membership interest, which, as to that property, is nothing because, as I've cited, the member has no claim to the property of an LLC in the state of Utah. Yeah, I mean, fair enough in a perfect world, but there are other facts here, other than if the corporate form had been followed perfectly, all the financial transactions had been in the name of the LLC, all the money had gone directly from Alden to, or there were other documentation making it all really clean, fair enough, but there are also facts in this case that suggest that Mr. Crixton was not intending to give up his interest in the property in the way this transaction was structured, that he was intending, he kept using it, he was dumping things out there, there was the lock with his combination on it, all these good things. There were things that indicated that he intended to continue to personally exercise control over it. So, I mean, that changes it a little bit, doesn't it? If I understand, let me see if I can rephrase this, Your Honor, because an LLC can certainly be a nominee for a third party, right? It's a legal entity just like everybody else, and to the extent that anybody else could have that relationship, so can an LLC. But it has to be between the LLC and that third party in that context. What it can't be is between the LLC and its member in their membership context. And so... Well, he wasn't a member. And he was not. And so had the lien, had the court said that the LLC is in its relation directly with Sid a different thing than what actually happened, which was that the lien is only as to Alden's membership interest. It is specifically in that context. And that is the error. It has to be outside of that context for any of these theories to have any room. Because the statute details how members and these companies relate to each other vis-a-vis that membership interest. And there's no room for these other theories to intrude on that. You will probably want to joust with me on this, but it seems like sometimes in these proceedings there's things that are said loosely, like the lien only goes as to Alden's membership interest. Is it a fair reading of the record that when the district court made that pronouncement that it was more aimed at the amount of interest in the property that would be covered by Alden's interest? Does that make sense? So Alden owns 50 percent, ergo IRS can attach 50 percent because Alden really didn't own any of that property. That part of the property was equitably owned by Sid. If that statement had been a one-off, Your Honor, I might agree with you. But that statement was exactly how the IRS phrased it in their lien, is that it was to the extent of his membership interest in R.C. Smithfield. That's what was admitted in their answer. It's what was admitted in their discovery responses. It's the exact language that was used at the trial, and it's the exact language that shows up everywhere in that ruling. And so this is actually, honestly, one of the problems with this lien is that there is no way to resolve it because it doesn't have a number. Instead what it has is it's keyed to something else that is in dispute. So it's not that if the IRS had been tracing funds, they could have said the lien is for the $50,000 that was paid into escrow. That would have been helpful because then you know how you resolve the lien, right? You pay the $50,000 and the lien goes away. Instead what we have here is a lien that's keyed to a membership interest that may or may not have any value because, in fact, he has no claim to that underlying property. It may have less value based upon the interactions between the partners. If the other partner had paid more, what would his membership interest be? Would it be 50 percent? Maybe it's only 40 percent. There is absolutely no way for R.C. Smithfield to resolve this lien at all. There's nothing that can be done because of the way that it was phrased and because it intrudes on that relationship between the member, the membership interest, and the company. If I may, I'll reserve the remaining time for rebuttal. Thank you. Let's hear from the United States. Ms. Wicks. Good morning. May it please the Court. I'm Marie Wicks on behalf of the United States. I'd like to begin by emphasizing the substance and the realities of the facts here. Sid Crookston Construction paid for the parcels and received nothing in return. R.C. Smithfield paid nothing and received title to the parcels. And Alden Crookston paid nothing and received a membership interest in R.C. Smithfield. Under those circumstances, Utah, like any other state, recognizes that the person who pays for the property has an interest in it. So that's, I mean, part of that is not uncommon. Is it people paying for, I mean, let's take Alden out of the mix. And let's say that this, that the membership interest that the construction company paid for half the membership or half the property and got a membership interest. That wouldn't be unusual. That, there's nothing, there's nothing untoward about that, right? Right. What's unusual is the continued beneficial ownership of Sid Crookston Construction. And so, so tell, so tell me about that. I mean, what, what's the indicia of his beneficial ownership? Because the properties, I mean, I, wouldn't there be, wouldn't we start with like a, maybe a presumption that the title holder owns the property? Legally, that is, that is a presumption. Okay, and so then it's your job to come in and sort of show facts indicating that while that may be what the record shows down at the county courthouse, somebody else has an interest that nobody knows about. Right, right, exactly. And in this case, your, your position is it's, it's Mr. it's Mr. Crookston that he caused his construction company to make these payments, basically tried to hide it by putting the membership interest in his son's name, but he kept using it as it was his own. Right. Right, so the taxpayer is Sid Crookston Construction and its successor in interest, ACI, and Sid, Mr. Crookston, is the, the owner, or was the owner and, and manager of Sid Crookston Construction. And that's right, so the district court found three different bases for defining an interest in the property that belongs to Sid Crookston Construction beneficially. Any one of those is sufficient for the federal tax liens to attach under the dry craft Supreme Court analysis. And also, the fact that the tax liens do attach to a state law property interest is not being challenged on appeal, so once the state law interest is defined, the federal tax liens attach under section 6321, property and all rights to property. So it's typically a two-part test. The ultimate question is one of federal law, and that's not being challenged here. Okay, let me, let me ask you this. So you, the best you can do, you, you can attach the construction company's SCC and ACI's interest in the property, right? That's, that's what you get. Right. Which is, which is not a record title interest, it's a beneficial interest of some sort. Right, in the, in the property itself. Okay, and so if, if you, for example, wanted to, you know, force a sale, if you were the defendant in a quiet title suit, you would then have to prove up their interest. Their beneficial interest in trial. Right, and here the district court found sufficient evidence under the clear and convincing standards for constructive and resulting trusts, and for ponderance of the evidence for the nominee theory, and none of the findings of fact are being contested on appeal as well, and so. Let me ask you about the nominee theory. So, the district court has, as I understand it, in another case disavowed her decision on the, based on the nominee theory, and, and said that she, she got it wrong. Are you still pursuing affirmance on the nominee theory in this case? Absolutely. We believe the district court got it right in this case in deciding that the Utah does recognize the principle of nominee, and, and as our brief mentioned, other courts have looked to fraudulent conveyance, the factors considered in fraudulent conveyance cases to determine whether nominee is recognized in the state. So, Scoville in the Eighth Circuit, Dalton discussed that in the First Circuit, and another case we mentioned, Fourth Investment out of the Ninth Circuit is an excellent example. They, they looked at California cases regarding nominee, and so the framework of considering how the highest state court would decide an issue is, is excellently presented in the Fourth Investment case as well. So, right, here we cited three different cases, which I'll note, was, were not before the district court. In the estate of Crookston case, where the court said that, that Utah does not recognize nominee, the court did not have before it these cases we cited in our brief, Butler, Givon, Duncan. And so, it all stems from early understandings of the ancient law of, of equitable ownership. And going back to Twine's case at England, so, looking to those cases, other cases in Utah, Free v. Farnworth, and another case, Capital Assets, Financial Services v. Maxwell, it's a 2000 Supreme Court of Utah case. Utah recognizes beneficial ownership in property. Well, counsel, can I just stop you there? Does your case, though, depend on the nominee theory? I guess I'm, I'm curious, you're defending it here, but does your case depend on its existence, or do you prevail under either of the other two? We prevail on any of the three, including nominee. So, no, it doesn't, we're not hanging our hat solely on the nominee theory.  Constructive trust and resulting trust. Okay, of those two, which one do you think is the strongest? Resulting trust or constructive trust? They're both equally strong, in my view. The resulting trust, a good example out of the Tenth Circuit is the Tingey case. And here, the elements of resulting trust are met, as the district court found. The court found on Appendix 67, U.S. has proven by clear and convincing evidence that Sid Crookston Construction did not intend that R.C. Smithfield have a beneficial interest in the property. So that's one of the considerations under a resulting trust analysis. And here, the transfer of the property was made by, made to one person, purchase price paid by another, and the trust arises in favor of the one who paid the purchase price. And likewise, under the constructive trust theory, it's an inherently broad scope under Utah law. In the Rawlings v. Rawlings case, the forms and varieties of constructive trust are practically without limit. So here, the district court found that there was unjust enrichment. Sid Crookston Construction was unjustly enriched by allowing it a successor to exercise control over the parcels through the contributions of funds that belong to the United States and Sid Crookston's construction's other creditors. And that the wrongful behavior can be directly traced to the parcels because Sid Crookston Construction and ACI funneled the money that should have been used to satisfy the federal tax liabilities into purchasing this piece of, these pieces of land. You sat there and listened to Mr. Black's presentation. What do you, what would you say the principal flaw in it is from your perspective? The, the principal.  Oh, flaw. Although he's going to stand up and defend himself. Right, right. So, I would say three different points responding to my friend on the other side. First, as Judge Timkovich, you mentioned in your questioning, Sid Crookston Construction did hold on to a residual interest in the property, despite paying for the transfer of title to R.C. Smithfield. And the district court did find on appendix page 50 that it was not a gift. And also, the distinctions collapse between the membership interests and the property itself here, where the facts, the realities, the substance shows that Sid Crookston Construction was the beneficial owner of the property. They continued to, Sid Crookston continued to participate in meetings related to the property. He controlled the combination lock and they continued following the transaction. SCC's successor and interest continued to use the property to, to deposit its construction materials without permission of Mr. Richens, in fact. So, so the reality here is that any, by the book, legal distinctions have collapsed here. Also, the language of the notice of federal tax lien itself does not bind the government. The filing of the notice of federal tax lien is just that, it's a notice. So it does not represent the actual lien. When a taxpayer fails to pay after notice and demand, a lien arises in favor of the government. So it arises automatically. The Supreme Court in the Snyder case back in 1893, I believe, said that it does not need to be recorded to be valid. Also here, in the ACI construction case, the district court did find that the liens were valid against SCC and ACI. So the lien here is valid. The language of the notice does not change the reality that Sid Crookston Construction has a beneficial ownership to the extent of Alden's membership interest in R.C. Smithfield. And that language there shows that Mr. Richens did purchase half of the property. So we're only going against the half that, approximate half that Alden Crookston has by virtue of Sid Crookston. Do you claim an interest in Alden's membership interest? Yes, but here, the property itself is really the object of the federal tax liens in this case.  And yes, so because there were no other challenges to the fact that the tax liens do attach under dry and craft, the district court found three different very solid reasons for holding that there is a property interest of SCC in the parcels at issue. This court only needs to decide one in order to support and affirm the district court's holding here. And if the court has no other questions on our brief. Was there any evidence in the proceeding below that SCC, ACI, or Mr. Crookston ever disavowed an interest in the property? Was there testimony, anything like that? The Crookstons did testify in general. I do know that the district court's findings as to the credibility of the Crookston's testimony was that it was self-serving and not credible. So I don't recall specifically any disavowal, but I would note that the district court did find that their testimony was not credible. Okay, thank you. Thank you counsel, your time's expired. Mr. Black, you have some more time. Now you can tell me what the flaw in her identifying the flaw in your. The meta flaw, I'm not quite sure what flaw there was that I would want to point out here. But what I do want to point out is this, is state law determines property rights, federal law only determines how they're taxed. And Utah state law does not permit alternative ways to get what is prohibited by statute. And by statute, an LLC is distinct from its members and its members have no claim to the LLC's assets. Those are distinct and that is enshrined in both the case law that I cited as well as in the statutes. So a creditor, the IRS, cannot look through an LLC without something else. I mean, you could, there are obviously ways to pierce the veil, but without going through that particular type of claim, there is no way for the IRS to pierce. There's no way for another creditor to pierce through and say, oh, no, I actually do have that claim. There's also no way for the member to do so, which is what I really, what I care about deeply in this case, because I represent the LLC. I care about maintaining this distinction between the property of the LLC and the property of the member, both for the IRS and for any other claimant who might try to assert that they have a way to do this. They cannot, that distinction is clear. There's a wall there and you cannot, any of those people cannot say, oh, no, I don't like that wall and so I'm going to assert that they are a nominee for me instead. And then I do have a claim against those assets. They cannot say, ah, I'm going to instead assert that there is a constructive trust inside this LLC, that it's not really an LLC where I have to obey the statute. Instead, I'm going to try to call it a constructive trust or a resulting trust. None of those alternative theories are available in Utah to bypass what the statute makes very clear, and that is that a member does not have a claim to the assets of the company. And that cuts off this claim to lean R.C. Smithfield's real property directly through the membership interest of Alden Crooks. Now, all of that just takes us back to what you and I were talking about originally, and that that is that where all the formalities are perfect and everybody's followed these things carefully, that that can be so. But in situations where there's an indication that the LLC, through its management or through its members, agreed that someone was going to retain beneficial title, then you would not have to go through that membership interest. Would you? You would be able to pursue that interest directly as a beneficial owner? Yes, if you if you had a different avenue to do so, most certainly there would be an available method to make that claim against an LLC. But here we have it's clearly through the membership interest. There's beyond any doubt that that is the mechanism that they are getting at the property. Thank you. Thank you, counsel. We appreciate your arguments. Your excuse in the case is submitted.